IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN ROBERTS  *
                *
    v.          *   Civil Case No. 14-51-JFM
                *
CAROLYN W. COLVIN *
                *

************

# MEMORANDUM OPINION

Pending before the Court are the parties' Cross-Motions for Summary Judgment. (Docket Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 11 and 13). Plaintiff also has filed a Reply. (Docket No. 14). After careful consideration of each of those submissions, I am granting Defendant's Motion for Summary Judgment (Docket No. 12) and denying Plaintiff's Motion for Summary Judgment (Docket No. 10).

**I. BACKGROUND**

On February 28, 2011, following a prior denial of benefits, Plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (R. 170-76). In his application, he alleged a disability onset date of November 23, 2010 (the day after his prior denial of benefits). *Id.* After benefits were again denied, an Administrative Law Judge ("ALJ") held a hearing on June 7, 2012. (R. 30-72). Plaintiff appeared at the hearing with counsel and testified on his own behalf. *Id.* In a decision dated August 17, 2012, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, and that Plaintiff was therefore not disabled under the Act. (R. 12-24). The Appeals Council denied Plaintiff's request for review, (R. 1-5), making the ALJ's opinion the final, reviewable decision of the Commissioner. Plaintiff then filed this action. (Docket No. 1).

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

In Social Security appeals, this Court determines whether substantial evidence exists in the record to support the Commissioner's decision. *See Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (*quoting Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). This Court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *See Palmer v. Apfel*, 995 F. Supp. 549, 552 (E.D. Pa. 1998). If the ALJ's findings of fact are supported by substantial evidence, this Court must uphold the ALJ's decision even if this Court would have decided the factual inquiry differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). This Court must review the record as a whole in determining whether the ALJ's findings are supported by substantial evidence. *See* 5 U.S.C. § 706.

To be eligible for social security benefits, a claimant must demonstrate that he or she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. § 1382c(a)(3)(A); *Brewster v. Heckler*, 786 F.2d 581, 583 (3d Cir. 1986).

Each ALJ employs a five-step sequential analysis when evaluating a claim of disability. *See* 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past

relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. *Id*. The claimant carries the burden through the first four steps of the sequential evaluation, including the burden of establishing an inability to perform past relevant work. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). If the claimant fulfills this burden, the Commissioner bears the burden of proof at step five to show that the claimant is capable of other substantial gainful activity. *Id.*

After reviewing the entire record, this Court may affirm, modify, or reverse the ALJ's decision. *See Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

**B. WHETHER THE ALJ ERRED IN THE DEVELOPMENT OF THE MEDICAL RECORD**

Plaintiff contends that the ALJ inadequately discharged his duty to develop the medical record in two ways. First, Plaintiff contends that the ALJ should have attempted to procure the records from a treating physician, Dr. Baird, who works at Plaintiff's substance abuse treatment program. Pl.'s Mem. 14-16 (Docket No. 11). Second, Plaintiff contends that the ALJ should have recontacted his treating psychiatrist, Dr. DeJohn, because, in Plaintiff's view, Dr. DeJohn's treatment notes are "nearly illegible." Pl.'s Mem. 16-19 (Docket No. 11). Both arguments lack merit.

With respect to Dr. Baird's records, at the hearing, Plaintiff offered to obtain his file from Dr. Baird at his upcoming appointment. (R. 35-36). Plaintiff stated that if Dr. Baird would not provide the records, "she might have to subpoena. We can go from there." (R. 36). Plaintiff's attorney concurred with that plan. (R. 36). Despite the fact that Plaintiff was apparently unsuccessful in his attempt to procure the records from Dr. Baird, neither Plaintiff nor his counsel requested a subpoena at any time after the hearing. Pursuant to 20 C.F.R. § 416.1450(d)(1), a claimant must timely submit a written request for a subpoena to issue. Absent

such a request, the ALJ had no affirmative duty to subpoena Dr. Baird's records, unless the ALJ believed the record to be incomplete. *See* 20 C.F.R. § 416.1450(d)(1) ("When it is reasonably necessary for the full presentation of the case, an administrative law judge . . . may, on his or her own initiative or at the request of a party, issue subpoenas for the . . . production of books, records, correspondence, papers, or other documents that are material to an issue at the hearing.").

Plaintiff has not established either that Dr. Baird's records were "reasonably necessary for the full presentation of the case" or that they were "material to an issue at the hearing." In contrast, Plaintiff testified that he has been in the suboxone program and that he is clean. (R. 46). The ALJ specifically found that Plaintiff had a "history of substance abuse," but did not suggest that Plaintiff had an ongoing substance abuse problem that would materially affect a disability determination. (R. 14). Plaintiff's own testimony regarding the suboxone program suggested that the records would not be particularly meaningful, "I go see them once a month and take a urine and pay her $200 and $25 for doctor's group fee and talk with her and I come up clean each time." (R. 47). Particularly given that the records from Plaintiff's treating physician were contained within the file, nothing in the record suggested that the records from the suboxone program would be significant to the consideration of disability.

Moreover, Plaintiff was represented by counsel at and after the hearing, who neither provided Dr. Baird's records to the ALJ nor requested that the ALJ take action to procure those records. Plaintiff's case is therefore distinguishable from the cases Plaintiff cites in his memorandum to support his contention that the ALJ was responsible for procuring the records. Most of those cases involved *pro se* plaintiffs, and ALJs have a heightened duty to develop the record in cases where plaintiffs are not assisted by counsel. *See, e.g. Rosa v. Colvin,* 956 F. Supp. 2d 617, 623 (E.D. Pa. 2013) (*pro se* plaintiff); *Reefer v. Barnhart,* 326 F.3d 376, 380 (3d

Cir. 2003) (same); *Wooten v. Astrue,* CIV. A. 11-7592, 2012 WL 6601397, at *4 (E.D. Pa. Dec. 17, 2012) (same). The only case Plaintiff cited which involved a represented party, *Welsh v. Colvin,* CIV. A. 13-736, 2014 WL 2214221 (W.D. Pa. May 28, 2014), presented a situation where the treating physician's records were absent from the file. Understandably, that file was incomplete without those critical records. However, for the reasons cited above, the records from Dr. Baird were not likely to be material to the ALJ's assessment of disability. Accordingly, the ALJ had no duty to subpoena the records.

Plaintiff's next contention is that the records from his treating psychiatrist, Dr. DeJohn, were illegible. Pl.'s Mem. at 16-19 (Docket No. 11). However, the ALJ made no such determination, and in fact provided accurate excerpts from Dr. DeJohn's notes at several places within his opinion. (R. 20-21). At the hearing, Plaintiff's counsel noted no objection to the exhibits in the record, and did not make any reference to the alleged illegibility of Dr. DeJohn's treatment notes. (R. 36). Upon review, while Dr. DeJohn's handwriting certainly could be neater, the records are capable of being deciphered sufficiently to conduct an appropriate review. Accordingly, there is no basis for remand to require the ALJ to recontact Dr. DeJohn or to undertake any additional development of the medical record.

### C. WHETHER THE ALJ ERRED IN ASSESSING PLAINTIFF'S CREDIBILITY

Plaintiff's final argument is that the ALJ's assessment of his activities of daily living as "relatively full and independent" is a mischaracterization, and that the ALJ's reliance on those activities to undermine Plaintiff's credibility was wrongheaded. Pl.'s Mem. 19-21 (Docket No. 11). This Court defers to the ALJ's credibility determination unless that determination is not supported by substantial evidence. *Gascon v. Colvin,* CIV. A. 13-157E, 2014 WL 709979, at *2 (W.D. Pa. Feb. 25, 2014) (citing *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981).

In this case, the ALJ did not rely exclusively on Plaintiff's activities of daily living to

undermine his credibility. Instead, the ALJ began with, and provided an extensive analysis of, Plaintiff's medical history, which includes conservative medical treatment and examination results often in the normal or near-normal range. (R. 17-18). As the ALJ noted, Plaintiff's medical treatment "failed to show significant objective findings." (R. 18). The ALJ also specifically cited the consultative examination completed by Dr. John Kalata, who conducted a "generally normal" physical examination with some minor back tenderness and reduced flexion. (R. 19). The ALJ made similar findings with respect to Plaintiff's mental impairments, noting that the mental status examinations were relatively normal and that the course of treatment has consisted of medications, without debilitating side effects or inpatient treatment. (R. 20). Finally, the ALJ noted that the claimant's poor earning history also contributed to his adverse credibility assessment. (R. 21). *See* SSR 96-7p (stating that one of the factors to be used in evaluating credibility is a claimant's "prior work record and efforts to work.").

Accordingly, even if the ALJ painted an overly rosy picture of Plaintiff's activities of daily living, the error would be harmless since other substantial evidence supported the adverse credibility assessment. Remand is therefore unwarranted.

**III. CONCLUSION**

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

Dated: October 6, 2014

    / s/*J. Frederick Motz*
J. Frederick Motz
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ROBERTS | * |
| v. | * Civil Case No. 14-51-JFM |
| CAROLYN W. COLVIN | * |

************

## ORDER

For the reasons stated in the accompanying memorandum opinion, it is, this 6th day of October, 2014 ORDERED that

(1) Plaintiff's Motion for Summary Judgment (Docket No. 10) is DENIED;

(2) the Commissioner's Motion for Summary Judgment (Docket No. 13) is GRANTED;

(3) the Clerk is directed to CLOSE this case; and

(4) final judgment of this Court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

/s/*J. Frederick Motz*
J. Frederick Motz
United States District Judge